UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRELL HARRIS,

        Plaintiff,

v.                                                                            Case No. 24-CV-286

SGT. PIGELOW, MSDF MEDICAL STAFF,
and MSDF STAFF,

        Defendants.

**ORDER**

Plaintiff Terrell Harris, who is currently confined at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Harris also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

The court has jurisdiction to resolve Harris's motion and screen the complaint in light of Harris's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Harris was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On March 4, 2024, Harris filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On March 5, 2024, the court ordered that Harris shall pay $45.00 as an initial partial filing fee by April 4, 2024. (ECF No. 5.) Harris paid the fee on March 19, 2024. The court will grant Harris's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

3

Case 2:24-cv-00286-WED   Filed 05/08/24   Page 3 of 9   Document 12

*Harris's Allegations*

Harris alleges that on December 27, 2023, while he was incarcerated at the Milwaukee Secure Detention Facility (MSDF), he suffered a severe asthma attack. (ECF No. 1 at 2.) He states that he was calling for medical help from 3:00 pm until 8:05 pm when he finally received medical attention. (*Id.*) Specifically, he states that he repeatedly told defendant Sgt. Pigelow over the course of several hours that he was having a severe asthma attack, but Sgt. Pigelow did not obtain medical assistance for Harris until 8:05 p.m. (*Id.*) As a result, Harris needed emergency oxygen and was rushed to St. Sinai Hospital for emergency treatment. (*Id.*) He also spent several hours in intense pain and was unable to properly breathe. (*Id.* at 3.)

Harris further asserts that he has "a long history" of asthma and blood clots in his lungs, which is noted on his medical history report. (ECF No. 1 at 3.) When he was booked into MSDF, he was not given a rescue inhaler, a steroid inhaler, or his blood thinner medication, which he requires to prevent severe asthma attacks or other medical emergencies. (*Id.*)

*Analysis*

Harris claims that his constitutional rights were violated when Sgt. Pigelow did not seek medical attention for him until several hours after his asthma attack began. He also claims that MSDF staff did not provide him with the necessary medical equipment to prevent asthma attacks or related medical emergencies. It is unclear from Harris's complaint whether he was a pretrial detainee at the time of the incident. If he was a pretrial detainee, his rights arise out of the Fourteenth

4

Amendment's Due Process Clause; if he was a convicted prisoner, his rights arise out of the Eighth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by prisoners). The court need not determine whether Harris was a pretrial detainee or a convicted prisoner at this time, however, because the Eighth Amendment standard is the more stringent one. The court will analyze his claims under that standard.

A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Asthma is considered an objectively serious medical condition. *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005).

A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff must show that the prison official's choices

5

"were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment." *Stallings v. Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). These choices include where a prison official fails to act or do anything to address the serious medical need. *See Gayton*, 593 F.3d at 623-624 (reversing summary judgment in favor of a nurse who refused to examine or treat a vomiting inmate). They also include where an official delays necessary treatment, aggravating a condition or needlessly prolonging a plaintiff's pain. *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012).

Harris may proceed on a claim against Sgt. Pigelow. He alleged that Pigelow knew he was suffering a severe asthma attack but inexplicably waited several hours to seek medical attention for Harris. He may also proceed on a claim against the medical staff members who failed to provide him the necessary equipment to mitigate the severity of his asthma attacks and his blood thinners. However, instead of suing all of the medical staff at MSDF, the court will allow him to proceed against only those individuals responsible for failing to provide the medical equipment and medication. *See Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation.")

The court, then, will dismiss "MSDF Medical Staff" and "MSDF Staff" and direct the clerk of court to add "John or Jane Doe Medical Staff" as a defendant.

Once the named defendants answer the complaint, the court will issue a scheduling order that will give Harris more information on how to identify the John or Jane Doe defendants who were responsible for failing to give him his medical equipment and his medication.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Harris's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Sgt. Pigelow. It is **ORDERED** that, under the informal service agreement, the defendant shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that MSDF Medical Staff and MSDF STAFF are **DISMISSED**. The clerk of court shall add "John and Jane Doe Medical Staff" to the case caption.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, Harris may make discovery requests (written questions or requests for documents) on the named defendant in an effort to identify the real name of the John and Jane Doe medical staff. Once he knows the real name of the Doe defendants, he should file a motion

identifying their real names. Again, Harris should not serve any discovery requests upon the named defendant until *after* the court enters a scheduling order.

**IT IS FURTHER ORDERED** that the agency having custody of Harris shall collect from his institution trust account the $305.00 balance of the filing fee by collecting monthly payments from Harris's prison trust account in an amount equal to 20% of the preceding month's income credited to Harris's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Harris is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Harris is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Harris is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Harris is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Harris's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Harris may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 8th day of May, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge